IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO ARANDA,

        Plaintiff,                    No. CIV S-10-1434 DAD P

    vs.

ELIZABETH MEYERS, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, is seeking relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's June 11, 2010 application to proceed in forma pauperis.

        After reviewing the court's own records, the court has determined that plaintiff is barred from proceeding in forma pauperis.[1]  The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.  Known as the "three strikes" rule, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or

---

[1] A court may take judicial notice of court records.  See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Here, plaintiff has had at least four actions dismissed as frivolous, as malicious, or as failing to state a claim upon which relief may be granted. First, on January 11, 2008, <u>Aranda v. Meyers</u>, No. 2:07-cv-0805 MCE DAD P was dismissed for failure to state a claim upon which relief may be granted. Second, on November 6, 2008, <u>Aranda v. Meyers</u>, No. CIV S-07-2211 FCD DAD P was dismissed for failure to state a cognizable claim. Third, on November 1, 2009, <u>Aranda v. Martel</u>, No. 2:08-cv-1871 DOC was dismissed with prejudice under 28 U.S.C. § 1915A.[2] Finally, on June 9, 2009, <u>Aranda v. Meyers</u>, No. S CIV 08-2101 DOC was also dismissed with prejudice under 28 U.S.C. § 1915A. Therefore, plaintiff is precluded from proceeding in forma pauperis unless he can demonstrate that he is under imminent danger of serious physical harm. <u>See</u> 28 U.S.C. § 1915(g).

The court has reviewed plaintiff's complaint and finds that he has not alleged that he is in imminent danger of serious physical harm. In his complaint, plaintiff merely alleges that defendants have verbally harassed him in person and over the electronic speakers at his institution of confinement. However, plaintiff does not suggest that the alleged sexually-tinged harassment by defendants has, or will ever, lead to serious physical harm being suffered by him. <u>See</u> <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005). Therefore, plaintiff may only proceed with this action if he pays the $350.00 filing fee in full.

Accordingly, the court will grant plaintiff thirty days leave to pay the filing fee. Plaintiff is cautioned that failure to pay the filing fee in full will result in the dismissal of this action.

---

[2] Pursuant to 28 U.S.C. § 1915A(b), a court may dismiss a complaint if the court finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 11, 2010 application to proceed in forma pauperis (Doc. No. 2) is denied; and

2. Plaintiff shall pay the $350.00 filing fee in full within thirty days of the date of this order or this action will be dismissed without prejudice.

DATED: June 17, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
aran1434.3B