1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10  FERNANDO ARANDA,

11          Plaintiff,                          No. CIV S-10-1434 GEB DAD P

12      vs.

13  ELIZABETH MEYERS, et al.,

14          Defendants.                         FINDINGS AND RECOMMENDATIONS

15  _____/

16          Plaintiff, a state prisoner proceeding pro se, is seeking relief pursuant to 42 U.S.C.

17  § 1983.  On June 18, 2010, the court issued an order denying plaintiff's application to proceed in

18  forma pauperis because the court determined that plaintiff was barred from proceeding in forma

19  pauperis because he has had at least four actions dismissed as frivolous, as malicious, or as

20  failing to state a claim upon which relief may be granted and had not alleged facts in his

21  complaint indicating that he was in imminent danger of serious physical injury.  See 28 U.S.C.

22  § 1915(g).

23          On June 24, 2010, plaintiff filed a motion requesting that the court allow him to

24  proceed in forma pauperis because he does, in fact, face imminent danger of serious physical

25  injury.  In this regard, plaintiff reasserts that he faces verbal abuse over the electronic speakers

26  and that prison officials persistently harass him with sexually-suggestive acts.  The undersigned

1

1  finds plaintiff's argument in this regard unpersuasive.  Plaintiff's allegations in both his

2  complaint and his pending motion fail to indicate that the alleged harassment has, or will likely

3  ever, result in serious physical harm.  See Andrews v. King, 398 F.3d 1113 (9th Cir. 2005).

4  Accordingly, the undersigned has concluded that plaintiff should not be allowed to proceed in

5  forma pauperis in this case.  See 28 U.S.C. § 1915(g).

6          Plaintiff's requests that in the event the court denies him leave to proceed in forma

7  pauperis, the court either: (1) allow him to voluntarily dismiss this action without prejudice to

8  him refiling his complaint within the statute of limitations period; or (2) grant him a 90 day

9  extension of time to pay the $350.00 filing fee in full.  However, plaintiff concedes that it will be

10  difficult for him to obtain $350.00 to pay the filing fee within the next 90 days.  Therefore, the

11  undersigned recommends that plaintiff's request for voluntary dismissal be respected and

12  plaintiff be allowed to refile this action within the applicable statute of limitations period.[1]  See

13  Fed. R. Civ. P. 41.

14          Accordingly, IT IS HEREBY RECOMMENDED that:

15          1.  Plaintiff's June 24, 2010 motion to proceed in forma pauperis (Doc. No. 7) be

16  granted to the extent that plaintiff has requested that this action be voluntarily dismissed;

17          2.  Plaintiff's June 11, 2010 complaint (Doc. No. 1) be voluntarily dismissed

18  without prejudice to him refiling his complaint within the applicable statute of limitations period;

19  and

20          3.  This case be closed.

21          These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23

24          [1]  In this regard, plaintiff is advised that the statute of limitations for actions brought
    pursuant to 42 U.S.C. § 1983 is, in general, two years.  See Maldonado v. Harris, 370 F.3d 945
25  (9th Cir. 2004).  The acts of harassment alleged in plaintiff's complaint appear to have begun on
    April 3, 2009.  If that is the case, any civil rights complaint would have to be filed by April 3,
26  2011 in order to be timely filed.

one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that any failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2010.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
aran1434.56

3